Glenn R. Kantor, SBN 122643
gkantor@kantorlaw.net
Peter S. Sessions, SBN 193301
psessions@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff
Becky Vendrell

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECKY VENDRELL,<br><br>                    Plaintiff,<br><br>          vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>                    Defendant. | CASE NO.<br><br>COMPLAINT FOR:<br><br>BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POST-JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |

Plaintiff Becky Vendrell herein sets forth the allegations of her Complaint against Defendant Metropolitan Life Insurance Company.

## **PRELIMINARY ALLEGATIONS**

1.      Jurisdiction: This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an ERISA employee benefit plan, enforcing Plaintiff's rights under the terms of an

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

1  employee benefit plan, and to clarify Plaintiff's rights to future benefits under an

2  employee benefit plan. Plaintiff seeks relief, including but not limited to payment of

3  benefits, prejudgment and post-judgment interest, reinstatement to the benefit plans at

4  issue herein, and attorneys' fees and costs.

5        2.      Plaintiff was at all times relevant an employee of The Travelers

6  Companies, Inc. ("Travelers") and a resident of the City of Long Beach, located in

7  Los Angeles County in the State of California. Her place of employment was in the

8  City of Irvine, located in Orange County in the State of California.

9        3.      Plaintiff is informed and believes that Defendant Metropolitan Insurance

10  Company ("MetLife" or "Defendant") is a corporation with its principal place of

11  business in the State of New York, authorized to transact and transacting business in

12  the Central District of California and can be found in the Central District of

13  California. MetLife is the insurer of benefits under Travelers' Long Term Disability

14  Plan (hereinafter "LTD Plan"), and acted in the capacity of a plan administrator.

15  MetLife administered the claim with a conflict of interest and the bias this created

16  affected the claims determination in this case.

17        4.      Plaintiff is informed and believes that the LTD Plan is an employee

18  welfare benefit plan regulated by ERISA, established by Travelers, under which

19  Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to long

20  term disability ("LTD") benefits. Pursuant to the terms and conditions of the LTD

21  Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for

22  so long as Plaintiff remains disabled as required under the terms of the LTD Plan. The

23  LTD Plan is doing business in this judicial district, in that it covers employees

24  residing in this judicial district.

25        5.      Defendant can be found in this judicial district and the LTD Plan was

26  issued and administered in this judicial district. The LTD claim at issue herein was

27  also specifically administered in this judicial district.  Thus, venue is proper in this

28  judicial district pursuant to 29 U.S.C. § 1132(e)(2).

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

**FIRST CLAIM FOR RELIEF**

**AGAINST METROPOLITAN LIFE INSURANCE COMPANY**

**FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF**

**RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND**

**ATTORNEYS' FEES AND COSTS**

**(29 U.S.C. § 1132(a)(1)(B))**

6.      Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

7.      At all times relevant, Plaintiff was employed by Travelers and was a covered participant under the terms and conditions of the LTD Plan.

8.      During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

9.      Pursuant to the terms of the LTD Plan, Plaintiff made a claim to MetLife for LTD benefits under the LTD Plan. MetLife initially approved Plaintiff's claim and paid her benefits.

10.      On May 11, 2020, Plaintiff's claim for LTD benefits was denied by MetLife on the ground that she no longer met the LTD Plan definition of disability. Plaintiff appealed this determination. Despite overwhelming evidence of a covered LTD claim, on October 1, 2020, MetLife erroneously and wrongfully continued to uphold its prior determination denying Plaintiff's claim for LTD benefits.

11.      Defendant breached the Plan and violated ERISA in the following respects:

(a)      Failing to pay LTD benefit payments to Plaintiff at a time when MetLife knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits.  Even though MetLife had such knowledge, it denied Plaintiff's claim for continued LTD benefits;

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

(b)  Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

(c)  After Plaintiff's claim was denied in whole or in part, MetLife failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect Plaintiff's claim along with an explanation of why such material is or was necessary;

(d)  Concealing and withholding from Plaintiff the notice requirements MetLife was required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, particularly 29 Code of Federal Regulations § 2560.503-1(f)-(g), inclusive; and

(e)  Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

12.  Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied Plaintiff's disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

13.  Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

14.  As a proximate result of the aforementioned wrongful conduct of Defendant, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

15.  As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required

to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

16.    The wrongful conduct of Defendant has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

### **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1.    Payment of disability benefits due Plaintiff;

2.    An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3.    In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4.    Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.    Payment of prejudgment and postjudgment interest as allowed for under ERISA; and

6.    Such other and further relief as this Court deems just and proper.

DATED: July 29, 2021                    KANTOR & KANTOR, LLP


By:   /s/ Peter S. Sessions
        Peter S. Sessions
        Attorneys for Plaintiff